UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| GORDON W. GILLESPIE, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:23-CV-458-TAV-JEM |
| KENNETH MATTHEWS, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

The Court is in receipt of a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1] and a motion to proceed without prepayment of fees [Doc. 4]. For the reasons set forth below, Plaintiff's motion to proceed without prepayment of fees [Doc. 4] will be **GRANTED**, and the complaint [Doc. 1] will be **DISMISSED** as duplicative.

**I.   FILING FEE**

It appears from Plaintiff's motion to proceed without prepayment of fees [Doc. 4] that he cannot pay the filing fee in a lump sum. Accordingly, this motion [Doc. 4] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited

to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum opinion and order to the Court's financial deputy and the custodian of inmate accounts at the institution where Plaintiff is now confined. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.   COMPLAINT

In this action, Plaintiff sues Kenneth Matthews for denying him medical care [Doc. 1, p. 1]. Plaintiff specifically states that after Matthews reviewed Plaintiff's x-rays and medical file and admitted that Plaintiff "desperately needs" a bone fusion surgery due to missing cartilage in his ankle area, which he called "a 'serious problem,'" Plaintiff told Matthews that he is spending two years in the Anderson County Detention Facility before release to a federal hold. Matthews then stated that "'the feds can deal with this when you get there,'" and that if "'they operate on every inmate who needed surgery, people would just come to jail for surgery'" [*Id.*]. As relief, Plaintiff seeks "fair and just compensation and any other punishment in which this Honorable Court would see fit" [*Id.* at 2].

However, the Court is aware that, prior to Plaintiff filing his complaint in this action, he filed a § 1983 complaint arising out of the same denial of medical care in this District. *Gillespie v. Anderson Cnty.*, No. 3:23-CV-390-CEA-DCP (filed Oct. 10, 2023). Plaintiff's other § 1983 action is proceeding against Anderson County based on the claim that Matthews

denied Plaintiff medical care for his ankle in a manner that is substantively identical to his allegations in the instant case, and that this denial of medical care was due to a custom or policy of Anderson County. *Id.* at Doc. 6, pp. 2–4.

As (1) the facts underlying Plaintiff's first-filed action for violation of § 1983 are substantively identical to the facts underlying the claim that Plaintiff seeks to bring herein against Matthews; (2) Matthews's actions formed the basis for Plaintiff's pending § 1983 action against Anderson County; and (3) determination of one of Plaintiff's pending § 1983 actions would leave very little, if anything at all, for the other to determine, this action is duplicative. *Houston v. Caruso*, No. 2:08-CV-124, 2009 WL 579411, at *1 (W.D. Mich. Mar. 5, 2009) ("Where the factual allegations are the same and the actions of the newly named defendants merely formed a partial basis for the previous suit, the suit against the new defendants may be found to be duplicative." (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) for its affirmance of a dismissal of a prisoner's second § 1983 complaint where the second complaint named different defendants)); *see also Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997) (providing that, to be duplicative, a case "'must be materially on all fours with the other . . . . [T]he issues 'must have such an identity that a determination in one action leaves little or nothing to be determined in the other.'").

Federal court try to avoid "duplicative litigation." *Smith*, 129 F.3d at 360 (citing *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976)). Where a court is faced with duplicative cases, it may stay one of the cases, allow both cases to proceed, or "enjoin the parties from proceeding in" one of cases. *Id.* In determining which of these

3

Case 3:23-cv-00458-TAV-JEM   Document 6   Filed 04/08/24   Page 3 of 4   PageID #: 16

options to choose, courts generally proceed based on "the rule of thumb" that "the court in which an action was first filed" should handle the entire action. *Id.*

Accordingly, this action will be **DISMISSED** as duplicative. Should Plaintiff still wish to proceed with his claims against Matthews, he may file a motion seeking to add him as a defendant in his Anderson County case. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966) (providing that joinder of parties is "strongly encouraged" for purposes of judicial economy and fairness where it is appropriate).

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed without prepayment of fees [Doc. 4] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. This action will be **DISMISSED** as duplicative; and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE